In the Matter of WILLIAM P. MULRY, an Attorney, Respondent.

First Department, February 11, 1932.

*Einar Chrystie*, for the petitioner.

*William P. Mulry*, respondent, in person.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on October 3, 1912, at a term of the Appellate Division of the Supreme Court, Second Department.

In the petition herein he is charged with the conversion of the sum of $140, which he had collected on behalf of a client, from about July 10, 1930, the date of collection, until December, 1930, when payment was made to the client, after the matter had been called to the attention of the Bar Association.

The respondent answered, and the matter was referred to an official referee to take testimony in regard to the charge and to report the same, with his opinion thereon, to this court. The learned referee has duly reported, finding the respondent guilty as charged, and the petitioner now moves that this court take such action in the matter as it may deem just and proper.

The facts are not in dispute. The respondent admitted making the collection and using the money to pay his landlord for arrears of rent of his office. His defense was that the client consented to his use of the money.

The record shows that respondent collected the money in July, 1930. Thereafter respondent repeatedly promised to send complainant a check " within a week or ten days." These promises were not kept. In November, 1930, the complainant brought the situation to the attention of the petitioner's committee on grievances and made an affidavit in which he stated that he had not " authorized respondent to retain any part of the money thus collected as a loan or otherwise for any period of time." In December, 1930, and after a date had been set for a hearing before the petitioner's committee on grievances, the complainant received from the respondent fifty dollars in cash and two postdated checks to cover the balance of ninety dollars, which were subsequently paid. In March, 1931, after the petition herein had been filed in this court, the complainant, at respondent's request, made an affidavit, which the respondent annexed to his answer, in which the complainant stated " that the reception, cashing and temporary use of the proceeds of the check herein were with his knowledge and consent." In his testimony before the official referee the complainant is careful not to say that he consented to the respondent using this money as his own. He did try, however, to go as far as he thought he safely could in helping this respondent.

Upon this record the contradictory positions taken under oath by the complaining witness as to whether or not he had authorized the respondent to retain any part of the money collected, as a loan, weakens much the reliance to be placed upon his testimony. The official referee in his report states, " I am constrained, however, to report, in view of the respondent's own testimony that he retained this money from July, 1930, until February, 1931, that the charge contained in the petition presented by the Association of the Bar of the City of New York has been proven." There is nothing in the record which would justify our reaching a contrary conclusion.

There remains then only the question of the measure of the discipline. During part of the time in question the respondent

was not well. It is also evident that his financial condition was not healthy. It is urged that the relationship between this respondent and the complainant while apparently that of attorney and client might be regarded perhaps as that of a friend seeking to help the complainant; the money, however, came into the possession of respondent as attorney for the complainant. It also appears that before the committee of the Association of the Bar the respondent answered all questions frankly and fairly. Notwithstanding all this, we cannot ignore the fact that the charge of conversion against the respondent has been proven. Ordinarily, this would merit suspension or more, but in view of all the circumstances it is the judgment of the court that the respondent be censured.

McAvoy and Sherman, JJ., concur; Merrell and Martin, JJ., dissent.

Merrell, J. (dissenting). The respondent, William P. Mulry, is an attorney and counselor at law, and was admitted to practice as such in the courts of the State of New York on October 3, 1912, by the Appellate Division of the Supreme Court, Second Department. The complainant, Arthur J. Wiggers, claimed that the respondent had received the sum of $140 from one Charles H. Blohm, an attorney of Jersey City, in the State of New Jersey. This money complainant claimed belonged to him, and which he stated had been collected by the New Jersey attorney of a debtor of complainant, but which money the New Jersey attorney had neglected to remit to the complainant. In his affidavit made at the time he preferred charges against the respondent, Wiggers, the complainant, swore that, being unable to obtain any further information in regard to his case and being unable to obtain his money from his attorney in New Jersey, about June, 1930, he consulted the respondent regarding the collection of his said money. Wiggers swore in his said affidavit that he had been informed by the sheriff in New Jersey, who had levied upon the bank account of his debtor, that the complainant's moneys had been collected and turned over to the New Jersey lawyer. As to his having consulted the respondent, Wiggers, in his said affidavit, swore: " That there was no fee agreement at the time respondent was retained." In his examination before the official referee in the proceeding instituted by the Association of the Bar of the City of New York, Wiggers testified that respondent happened in the insurance office of complainant's employer, one Fisher, and that he then told the respondent of his trouble in collecting money from his attorney in New Jersey, and that the respondent told him to give him all the facts, and that he would get his money for him in a very short time. Wiggers

testified that he had known the respondent before through the latter's coming to the Fisher insurance office, where he was employed, on business, but that he had never retained the respondent to do any legal work, and that when the respondent volunteered to help him get his money there was nothing said about a fee. Under date of June 24, 1930, Wiggers wrote the respondent, Mulry, a letter which was introduced in evidence before the official referee. This letter, in its opening clause, was as follows: " Dear Mr. Mulry: With reference to the conversation we had recently about the judgment which I am trying to collect, I certainly appreciate your interest, and anything you can do will be gratifying. The facts in the case are as follows:" The letter then relates in detail the circumstance of the obtaining judgment by Wiggers against a man by the name of Kuntz through his attorney, Blohm, in New Jersey, and of his inability to obtain his money, although his attorney, Blohm, had collected the same. The letter to the respondent closed as follows: " I have not withheld any facts in the case, and I shall appreciate your using your judgment to take the methods which will settle the case to the best advantage." On the day following, June 25, 1930, the respondent, Mulry, wrote Wiggers, acknowledging receipt of his letter of information, and stating: " I am taking the matter up at once and trust that I shall have some results for you in a very few days." A letter was also introduced in evidence from the respondent, Mulry, to the New Jersey attorney, under date of June 30, 1930, making known Mr. Wiggers' need of the money which had been collected by the New Jersey attorney and asking for information as to how the matter stood. In reply to this letter there was introduced in evidence a letter from Charles H. Blohm, under date of July 9, 1930, wherein the New Jersey attorney expressed his contempt for the complainant herein and states that he had received only the sum of $140, which amount he inclosed by check to the respondent; also stating in his letter that he was sending a copy of his letters to Wiggers. The evidence before the official referee disclosed that very shortly after the respondent received the check for $140 from the New Jersey attorney he had a telephone conversation with Wiggers, and that Wiggers, who had received a copy of the Blohm letter to the respondent, asked whether he had received the check for $140. Respondent replied that he had received said check and that it was before him on his desk. Up to this point the respondent and Wiggers are in substantial accord in their testimony. Wiggers testified that the respondent promised to promptly remit the moneys thus collected by him, but that he had failed to do so, and that, after repeated requests for the moneys which the respondent

had received, he made complaint to the Bar Association and the present proceeding was instituted. The respondent, however, testified at the trial that in the conversation which he had with Wiggers he told him that he was having a mix-up at his office, which he testified resulted ultimately in a dissolution of his firm, and asked Wiggers if there was any objection to his cashing the check and using the money for a short time, and that Wiggers replied, "All right," but stated that he would like the money within a couple of weeks. The respondent testified that immediately thereafter he was taken sick and went away for his health, and that when he came back he called up Wiggers and told him that he was sorry he had not been able to send him the money, but would get it to him as soon as possible. There was introduced in evidence an affidavit made by the complainant, Wiggers, which was attached to the answer of the respondent in the proceeding instituted by the Bar Association before the official referee. In the 2d paragraph of his answer, among other things, the respondent alleged as follows: " That the reception, cashing and temporary use of the proceeds of the check, made out to William P. Mulry's order, were with the knowledge and consent of Arthur Wiggers referred to in the petition herein, whose affidavit is hereto annexed." Annexed to the answer is an affidavit, verified by Wiggers, the complainant, wherein the complainant swears: " That he is the person mentioned in the petition herein; that he has read the answer of William P. Mulry, hereto annexed, to the petition herein in the above entitled proceeding; that the facts as set forth in paragraph marked ' Second ' of the said answer are true, to wit: That the reception, cashing and temporary use of the proceeds of the check herein were with his knowledge and consent." In this affidavit the complainant further stated that he had received the proceeds of the check in full, and that he desired to withdraw his complaint against the respondent. The undisputed testimony was to the effect that this affidavit was made by complainant at the request of the respondent, and that the complainant had read the answer and knew its contents.

Under the circumstances revealed by the evidence, it clearly appears that the respondent was not acting as an attorney or counselor at law in his relations with the complainant, Wiggers. The undisputed evidence shows that there was no retainer of the respondent as an attorney; that nothing was said about any fee to be paid respondent; and that no fee was ever asked for or received. The affidavit of the complaining witness clearly shows that the temporary use by the respondent of the proceeds of the check which the respondent had received from the New Jersey attorney was with the knowledge and consent of the complainant. At most,

the respondent was unable to pay the money which he borrowed from the complainant as soon as he thought he would be able. This is not the first case that a borrower of money has been unable to repay the same at a time when he promised to do so. Under the evidence before us, I am unwilling to place the stigma of even a censure upon an attorney who has practiced at the bar for more than nineteen years without a suggestion of any unprofessional conduct on his part. The character of an honorable practitioner at the bar, who has borne an unblemished reputation, should not be ruined by such vacillating, contradictory and unreliable claims as were made by the complainant in this case.

The proceedings against the respondent should be dismissed.

MARTIN, J., concurs.

Respondent censured.